[No. 4679.]

THE PEOPLE OF THE CITY AND COUNTY OF SAN FRANCISCO *v.* M. S. O'NEIL.

APPEAL TO BOARD OF SUPERVISORS IN SAN FRANCISCO. — When an appeal from an assessment on a lot for improving a street in San Francisco is taken regularly and in proper time, the Board has no power to dismiss it; and even if an order is made dismissing it the assessment does not become a finality, and an action cannot be maintained on it.

ACT VALIDATING AN ASSESSMENT.—An act validating a void assessment for the improvement of a street, if constitutional, makes the assessment valid only from the date of its passage, so that pending suits brought to enforce the tax are not affected by the act.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Action to enforce the lien of an assessment on a lot in San Francisco for improving Haight street from Laguna to Buchanan street. The assessment was made and issued by the Superintendent of Streets on the 5th day of January, 1872. The action was commenced on the 13th day of May, 1872. On the 15th day of January, 1872, J. P. Treadwell appealed from the assessment, and on the 19th day of January the Protestant Orphan Asylum also appealed. After notice of the time and place of hearing the appeal, the Board of Supervisors, on the 5th day of February, set aside the assessment and directed the Superintendent to make a new one. On the 8th day of February, 1872, the Superintendent made a new assessment, in conformity with the directions of the Board. On the 12th day of February, 1872, G. W. Frink appealed from the second assessment. After notice, the Board, on the 20th of February, set aside the second assessment, and directed the Superintendent to make another. On the 29th of February, 1872, the Superintendent made a third assessment, in conformity with the instructions of the Board. On the 8th day of March, 1872, defendant, O'Neil, appealed from the third assessment. The Board, without publishing notice of the time and place of hearing the appeal, made an order dismissing it, and affirming the assess-

ment. The court rendered judgment for the defendant, and the plaintiff appealed.

The other facts are stated in the opinion.

*W. C. Burnett and E. F. Preston*, for the Appellant, argued that the case fell under the curative act of 1874 (Stats. of 1873–4, p. 487).

*J. M. Nougues*, for the Respondent.

By the COURT:

The action was commenced in 1872, and the case must, therefore, be determined irrespective of the provisions of the act of March 19, 1874. (*Reis* v. *Graff*, ante.)

The appeal of defendant to the Board of Supervisors was taken regularly and in proper time, and should have been entertained. The Board had no power to dismiss this appeal, and it must be regarded as still pending. It results that the assessment has not become a finality, and the action was prematurely instituted.

Judgment affirmed.