[No. 15689.    Department One.—July 18, 1895.]

L. C. WILLIAMS ET AL., RESPONDENTS, *v.* THOMAS I. BERGIN, APPELLANT.

STREET ASSESSMENT—JURISDICTION OF STREET SUPERINTENDENT—CHANGE OF JUDGMENT.—The act of the superintendent of streets in making a street assessment is in the nature of a judgment by a tribunal of special jurisdiction, whose power is exhausted after its judgment has once been exercised, and, in the absence of statutory authority for its revision, the judgment cannot be changed.

ID.—INCREASE OF AMOUNT OF LIEN—NOTICE TO OWNER.—If the lien charged upon the land of the owner for a specified sum is to be increased it is essential that the owner shall have notice thereof, and an opportunity to be heard thereon.

ID.—APPEAL BY CONTRACTOR TO SUPERVISORS—NOTICE—JURISDICTION.— Upon an appeal by the contractor to the supervisors for an increase of the amount of the lien the notice to the owner is in the nature of process by which the board of supervisors may acquire jurisdiction to act upon the appeal and change the assessment, and the means provided by the law to warn the owner of an intended increase of the lien upon his property must be followed in order to effect an increase thereof.

ID.—MODE THE MEASURE OF POWER — REVISION OF ASSESSMENT. — The mode which the statute prescribes for a revision of the assessment is the measure of the power, and, unless that mode is followed, any attempted revision will be nugatory.

ID.—NOTICE NOT THE EQUIVALENT OF KNOWLEDGE.—Notice, when required by statute, is not the equivalent of knowledge, and the supervisors gain jurisdiction to act upon the appeal only by giving the notice that

the statute requires, and in the manner that is required, and not by the fact that the parties interested may have knowledge of their intended action.

ID.—NOTICE MUST BE AUTHENTIC.—The term "notice" of itself imports that the information given thereby comes from an authentic source, and is directed to some one who is to act, or refrain from acting in consequence of the information contained in the notice.

ID.—INSUFFICIENT NOTICE OF APPEAL TO SUPERVISORS — NOTICE TO APPELLANTS ONLY—VOID INCREASE OF ASSESSMENT.—Where, upon an appeal by a contractor from a street assessment, the board of supervisors ordered the publication of a resolution requiring all appellants to appear and be heard in respect of their appeals, without specifying the owners of the property, or the defendants against whom the appeal is taken, the supervisors acquire no jurisdiction to act upon the appeal, and their increase of the assessment upon such appeal is void.

ID.—EFFECT OF APPEAL—SUSPENSION OF COLLECTION—SUIT BY CONTRACTOR.—The effect of an appeal from an assessment by the street superintendent is to suspend all action for the collection of the assessment until after its determination, and, until the confirmation of the assessment by the board of supervisors, or the making of a new one under its direction, the contractor cannot sue upon an assessment made by the supervisors without authority.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   JAMES M. TROUTT, Judge.

The facts are stated in the opinion of the court.

*T. I. Bergin,* for Appellant.

The appeal was sufficient in form.   (*Barber* v. *San Francisco,* 42 Cal. 634.)   The effect of the appeal was to suspend action upon the assessment until the appeal was properly disposed of.   (*Thornton* v. *Mahoney,* 24 Cal. 583, 584; *People* v. *O'Neil,* 51 Cal. 91; *Mahoney* v. *Braverman,* 54 Cal. 570.)   Notice of the hearing of the appeal was a constitutional right of which the property owner could not be deprived.   (*Scott* v. *City of Toledo,* 36 Fed. Rep. 396; *Murdock* v. *City of Cincinnati,* 39 Fed. Rep. 891; *City of Schenectady* v. *Furman,* 61 Hun, 175; *McLaughlin* v. *Miller,* 124 N. Y. 517; *Sligh* v. *Grand Rapids,* 84 Mich. 504; *Kuntz* v. *Sumption,* 117 Ind. 1.) An assessment once made cannot be changed without notice to the party to be affected thereby.   (*Patten* v.

*Green,* 13 Cal. 329; *Darling* v. *Gunn,* 50 Ill. 428; *Mulvey* v. *Carpenter,* 78 Ill. 586.) The notice fills all the functions of process, and must be sufficient and distinct, both in respect to the subject matter of the appeal and in respect to parties to be affected thereby. (*State* v. *Mayor of Newark,* 31 N. J. L. 363; *State* v. *City of Elizabeth,* 37 N. J. L. 357.) The notice of hearing being confined to the appellants, excludes all other parties from participation in the appeal, but the assessment cannot be changed without affecting other parties. (*Lowell* v. *Wentworth,* 6 Cush. 222; *Patten* v. *Greene, supra; Darling* v. *Gunn, supra; Hutson* v. *Woodbridge Protection Dist.,* 79 Cal. 90, 95; *Bush* v. *City of Dubuque,* 69 Iowa, 236.) It is not enough that the owner had notice in fact, but the statutory notice must be given to them. (*Stuart* v. *Palmer,* 74 N. Y. 188; 30 Am. Rep. 289.) Proceedings had without notice to the party entitled to it are, as to him, a nullity. (*State* v. *Mayor of Jersey City,* 24 N. J. L. 666; *Jordan* v. *Hyatt,* 3 Barb. 283; *State* v. *Mayor of Orange,* 32 N. J. L. 54; *State* v. *Morristown,* 34 N. J. L. 451; *State* v. *Village of Passaic,* 36 N. J. L. 387; *State* v. *City of Elizabeth, supra; McDermott* v. *Board of Police,* 25 Barb. 646; *People* v. *L. & B. R. R. Co.,* 13 Hun, 212; *People* v. *Board of Police,* 26 Barb. 485; *State* v. *Jacobs,* 2 Jones, 52; *People* v. *Tallman,* 36 Barb. 224; *Mulvey* v. *Carpenter, supra.*) The appeal was never legally disposed of, and remains a pending appeal, and the superintendent had no authority to make the assessment directed by the board. (*People* v. *O'Neil, supra; Mahoney* v. *Braverman, supra.*)

J. C. *Bates,* for Respondent.

The notice of hearing states all that the law requires, and is ample as a notice. (*Wulzen* v. *Board of Supervisors,* 101 Cal. 15; 40 Am. St. Rep. 17.)

HARRISON, J.—Action upon a street assessment. After the work had been completed to the satisfaction of the superintendent of streets, that officer made an assess-

ment therefor May 6, 1892, by which the land de-
scribed in the complaint was assessed in the sum of six
hundred and fourteen dollars and thirty cents.   Within
thirty days thereafter, viz., May 14th, the contractors to
whom the assessment was issued, deeming that they were
entitled to receive a larger sum, appealed therefrom, by
filing in the office of the clerk of the board of supervisors
a notice of their appeal, in which their objections were
stated in writing; and the board of supervisors fixed
Monday evening, June 6th, as the time for hearing the
appeal, at which time they passed a resolution setting
aside the assessment, and directing the superintendent
of streets to make and issue a new assessment in accord-
ance with the claim of the contractors.   The present
action is brought upon the assessment made under this
direction of the board of supervisors.

Section 11 of the Street Improvement Act (Stats. 1885,
p. 156), after providing for an appeal from any act of
the superintendent, declares: " Notice of the time and
place of the hearing, briefly referring to the work con-
tracted to be done, or other subject of appeal, and to the
acts, determinations, or proceedings objected to or com-
plained of, shall be published for five days."   In the
present case the board of supervisors fixed the time and
place for hearing the appeal by the following resolution:

"*Resolved,* That Monday evening, June 6, 1892, at 8
o'clock P. M., be fixed as the time for hearing said appeal
by this board, in their chamber, at the New City Hall,
at which time and place all appellants are required to
appear, when they will be heard in relation to said
appeals.

"And the clerk is hereby directed to publish this res-
olution in the San Francisco *Daily Report* newspaper,
for five days, as and for the notice required by law."

This resolution was published as therein directed, and
was the only notice of the hearing of the appeal author-
ized or given by the board of supervisors.

The act of the superintendent in making the assess-
ment is in the nature of a judgment by a tribunal of

special and limited jurisdiction. After its judgment
has once been exercised its power is exhausted, and, in
the absence of statutory authority for its revision, the
judgment cannot be changed. By the original assess-
ment the land of the owner is charged with a lien of a
specified amount, and, if the amount of this lien is to be
increased, it is essential that the owner shall have notice
thereof, and have an opportunity to be heard thereon.
This notice is in the nature of process by which the
board of supervisors may acquire jurisdiction to act
upon the appeal and change the assessment. It is the
only means which the law has provided to warn the
owner of the intended increase of the lien upon his
property, and must be followed in order to effect such
increase. (*Cruger* v. *Hudson River R. R. Co.*, 12 N. Y.
201; *Scammon* v. *Chicago*, 40 Ill. 146 ) The mode which
the statute prescribes for a revision of the assessment is
the measure of the power, and, unless that mode is fol-
lowed, any attempted revision will be nugatory. Where
a statute prescribes the mode of acquiring jurisdiction
the mode must be complied with or the proceedings will
be a nullity. In *State* v. *Jersey City*, 25 N. J. L. 309,
under a provision in the charter of Jersey City requir-
ing notice to be given, in terms similar to those of the
statute under consideration, the notice specified that the
council would hear any objections that might be pre-
sented "in writing." It was held that, by reason of this
departure from the direction of the charter, the council
did not acquire jurisdiction to pass the ordinance, say-
ing: "It may be that this departure from the direction
of the charter was not calculated seriously to interfere
with the rights of the property holders whose lands were
to be taken, yet, in point of fact, the power delegated to
the common council was not strictly pursued in this par-
ticular, and their jurisdiction to pass the ordinance there-
fore fails." In *City of Lowell* v. *Wentworth*, 6 Cush. 222,
the officer was required, before making an assessment,
to give to each person liable to be assessed a notice in
writing, appointing in the notice a time and place in

which all persons interested might appear and be heard
in relation to the assessment.   Instead of so doing he
notified some of the persons interested to appear at one
time, and others at a different time.   This was held
to be such an omission to comply with the ordinance
as to render the assessment void.   Notice, when re-
quired by a statute, is not the equivalent of knowledge,
and the supervisors gain jurisdiction to act upon the
appeal only by giving the notice that the statute re-
quires, and in the manner that is required, and not by
the fact that the parties interested may have knowledge
of their intended action.   The term "notice" of itself
imports that the information given thereby comes from
an authentic source, and is directed to some one who
is to act or refrain from acting in consequence of
the information contained in the notice.   (See *Fry* v.
*Bennett*, 7 Abb. Pr. 355; *Minard* v. *Douglas County*, 9
Or. 210.)   A notice which, by its terms, is directed to
A is ineffectual as a notice to B, even though it is de-
livered to B and he is thereby informed of its contents·

In the absence of any provision in the statute for the
mode of giving the notice it would be necessary that
every person who might be affected by the appeal should
receive personal notice of the matter appealed from, as
well as of the time and place fixed for hearing the same.
The provision that the notice shall be given by publica-
tion for five days merely changes the mode of giving
the notice, but does not change the character of the
notice to be given.   The publication of the notice takes
the place of personal notice, but can have no greater
effect as a notice than would a similar one if personally
delivered to him who is to receive it.   In either case it
must indicate the person who is to be notified, as well
as the matter of which notice is given, the object of
giving the notice being to enable those to whom it is to
be given to be heard upon the appeal.   "It must be
very plain language which will justify the court in
holding that the legislature meant to substitute by way
of a published advertisement any thing less explicit

than would be required in a written notice actually delivered to the person whose property was meant to be affected." (*State* v. *Mayor of Newark*, 31 N. J. L. 364.)

The only "notice" that was given in the present case is that contained in the resolution aforesaid, and the only portion of this resolution that has any of the qualities of a notice is contained in the clause, "all appellants are required to appear, when they will be heard in relation to said appeals." All else is only the fixing the time and place for hearing the appeal, and directing the clerk to publish the resolution. Although the statute merely declares the manner in which the notice shall be given, and does not indicate the persons who are to be notified, yet it is a rule of universal application in all proceedings by which a person's property is to be taken, or to be charged with a burden, that he shall have notice of the proceedings, and the notice which is here required to be given necessarily includes every one who is to be affected by the appeal. A notice which, by its terms, is limited to a portion of those who may be so affected cannot be held to extend to others who may be also interested in the appeal, and is not a compliance with the statute. The direction to the clerk to publish the resolution, "as and for the notice required by law," can have no effect to enlarge the notice which was actually published, or to change its character from the terms in which it is expressed. The direction in this clause limited the notice to the appellants, and cannot be construed as a notice to all persons interested in the subject matter of the appeal. It was an express notice to the appellants alone, and by its terms implied that they only would be heard, and it must be construed as a notice only to them. By reason of its limitation to the "appellants," it failed to be a notice to the defendant, and the supervisors acquired no jurisdiction to act upon the appeal.

The effect of the appeal was to suspend all action for the collection of the assessment until after its deter-

mination (*People* v. *O'Neil,* 51 Cal. 91; *Mahoney* v. *Braverman,* 54 Cal. 570); and until the confirmation of the assessment by the board of supervisors, or the making of a new one under its direction, the contractors had no right of action against the owner. It follows that the assessment sued upon was made without authority.

The judgment and order are reversed.

VAN FLEET, J., and GAROUTTE, J. concurred.