## WILLIAMS et al. v. BERGIN et al.*

### S. F. No. 1027; July 12, 1899.

#### 57 Pac. 1072.

**Street Assessment—Appeal to Supervisors.**—Under Statutes of 1885, page 156, section 11, providing that an appeal from an assessment shall be taken to the board of supervisors "within thirty days after the day of the warrant," the petition on appeal must show that a warrant was in fact issued, and the order of the board of supervisors that a warrant be set aside is insufficient to supply the deficiency.

APPEAL from Superior Court, City and County of San Francisco.

Action by Leo C. Williams and others against Thomas I. Bergin and others. A demurrer to the complaint was sustained, and defendants appeal. Affirmed.

J. C. Bates for appellants; Thomas I. Bergin for respondents.

HENSHAW, J.—This is an action to foreclose the lien of a street assessment. Defendants interposed a demurrer, both general and special. The demurrer was sustained, and, plaintiffs declining to amend, judgment was entered against them. From this judgment they appeal.

The suit was upon a second assessment ordered by the board of supervisors after a successful appeal by the plaintiffs from the first assessment. The board of supervisors acts judicially in hearing and determining such an appeal. Its jurisdiction is limited, and the mode prescribed by the statute for acquiring jurisdiction must be strictly followed. Not only this, but, when reliance is had upon the judgment of such a tribunal as the foundation for an asserted right, it must be shown by proper averment that the tribunal had jurisdiction to render the judgment in question: Williams v. Bergin, 108 Cal. 169, 41 Pac. 287. By the statute the time of appeal is limited upon the date of the warrant. The party aggrieved shall appeal "within thirty days after the date of the warrant": Street Law (Stats. 1885, p. 156), sec. 11. We might be willing to hold that an appeal from an assessment taken before the

*For subsequent opinion in bank, see 127 Cal. 578, 60 Pac. 164.

date of the warrant would be within the requirements of this provision, construing it merely as fixing a time after which an appeal could not be taken. But, in any event, it must be made to appear that a warrant was in fact issued, and this the complaint under consideration fails to do. The averment is that the plaintiffs and contractors, "feeling aggrieved by an act and determination of the superintendent of streets in relation to an assessment made and issued by said superintendent of streets May 6, 1892, for the sums due for said work so contracted for and performed, . . . . appealed to the board of supervisors of the said city and county from said assessment; briefly stating in said notice their objections, in writing, . . . . and filing the same with the clerk of said board on the 14th day of May, 1892." Then follow averments of notice of the posting and of the hearing, and the resolution or order of the board of supervisors is set forth in extenso. By that order it was resolved "that the assessment, warrant, and diagram made and issued by the superintendent of streets . . . . be, and is hereby, set aside, and the superintendent of streets is hereby directed to make and issue a new assessment, warrant and diagram, correcting the error made in the former assessment hereby set aside." But this order of the board of supervisors that a warrant be set aside does not amount even to an argumentative or inferential declaration in the complaint that such a warrant was ever issued. As the law has seen fit to make the right of appeal and its time depend upon the date of the warrant, the supervisors would not acquire jurisdiction to hear an appeal taken in a case in which no warrant had in fact been issued. The judgment appealed from is therefore affirmed.

We concur: Temple, J.; McFarland, J.