[Sac. No. 574.  Department One.—January 30, 1900.]

R. D. GIRVIN et al., Appellants, v. J. SIMON, Respondent.

127  491
146  453

STREET ASSESSMENT — "REMONSTRANCE"—"APPEAL." — The distinction between a "remonstrance" and an "appeal" under the street improvement law is, that the former is made, before assessment, to the action or proceedings of the council, while the latter is made after the assessment, and relates to the acts of the superintendent of streets which are specified as grounds for appeal.

ID.—FORM OF "APPEAL."—USE OF WORD "REMONSTRATE."—A written objection addressed to the city council by the owner of property assessed, and filed with the clerk after the assessment, though not designated as an "appeal," and purporting to "respectfully remonstrate against the acceptance of the contract" described therein, upon the "claim" that "said contract has not been done according to specifications on file in the office of the street superintendent," and stating what work the "claim" includes, is an effective appeal in form and in substance.

ID.—EFFECT OF APPEAL—STAY OF PROCEEDINGS—DUTY OF COUNCIL AS TO NOTICE OF HEARING.—An appeal taken by one assessed owner of property, going to the whole of the work done under the contract, operates to stay proceedings against all assessed owners until the appeal is regularly determined after published notice of hearing, which it is the imperative duty of the council to give, and not of the appellant to ask for.

ID.—POWER OF COUNCIL—RIGHTS OF PROPERTY OWNERS.—The council has no power to dismiss an appeal, or to bind the appellant or other assessed owners of property by deciding without notice or hearing that the appeal is insufficient. The appeal is to be deemed pending, notwithstanding such action; and all assessed owners have a right to be heard thereupon, and can only be concluded by determination thereof after due notice of hearing. The appellant and all other parties assessed may safely rest until due notice is given.

ID.—PREMATURE FORECLOSURE.—An action to foreclose any street assessment pending an appeal by any other property owner assessed upon different property involving the validity of the assess-

ment, and which, if determined in favor of the appellant, would preclude a recovery against any of the parties assessed, is premature, and cannot be sustained.

APPEAL from a judgment of the Superior Court of San Joaquin County. Edward I. Jones, Judge.

The facts are stated in the opinion.

James A. Louttit, and Louttit & Middlecoff, for Appellants.

Budd & Thompson, and Dudley & Buck, for Respondent.

HAYNES, C.—Action to foreclose an assessment for street improvements in the city of Stockton. The defendant had judgment, and plaintiffs appeal therefrom on the judgment-roll; and their contention is that the conclusions of law are not correctly drawn from the findings of fact.

Among other persons affected by said improvements and assessment was one H. M. Fanning, who was the owner of certain premises which were assessed, but said Fanning had no interest in the lot involved in this case. The court also found "that the defendant, J. Simon, and other holders of property affected by said work and assessment, requested said Fanning to see that an appeal was put in to the city council"; that, within thirty days after the warrant mentioned in the complaint was issued, said Fanning delivered to and filed with the city clerk his written objections to said work, of which, and the indorsements thereon, the following is a copy:

"Stockton, January 10, 1893.

"To the City Council of the City of Stockton.

"Gentlemen: The undersigned hereby respectfully remonstrate against the acceptance of contract for the paving of Channel street between Hunter and California streets, as I claim said contract has not been done according to specifications on file in the office of the street superintendent. My claim includes all curbing, bituminous rock paving, basalt block paving, concrete work, filling under sidewalks and relaying of the same.

"Respectfully yours,

"H. M. FANNING.

"[Indorsed]: Filed January 10, 1893. January 23, 1893, referred back to Mr. Fanning, the city attorney deciding it to be only a remonstrance and not an appeal."

The court further found that no notice has ever been given by the city council of the hearing of said objections, that the city council has not heard the same or passed on the merits thereof, or confirmed said assessment, and that Fanning has not made any further application in the matter.

On these facts two questions arise: 1. Were the said written objections, filed by Fanning, sufficient in form and substance to constitute an appeal from the assessment? 2. If sufficient as an appeal, the city council not having given any notice of a hearing, and not having heard said appeal, is it available as a defense by other property owners whose property is separately sought to be charged for the same improvements, made under the same contract, and embraced in the same assessment?

1. Were the objections filed by Fanning sufficient as an appeal? Appellants refer us to section 3 of the act of 1885 as amended in 1889 (Stats. 1889, p. 158), which provides that, at any time before the issuance of the assessment-roll, owners of lots liable to assessments who may feel aggrieved, or who may have objections to any of the subsequent proceedings of the council in relation to the performance of the work, "shall file with the clerk a petition of remonstrance" specifying in what respect they feel aggrieved; and their argument seems to be that the written objections filed by Fanning, and in which he uses the word "remonstrate" was "a petition and remonstrance" under that section, and not "an appeal" under section 11 of the act of 1885 (Stats. 1885, p. 156), which was then in force, and which provides as follows:

"The owners, whether named in the assessment or not, the contractor, or his assigns, and all other persons directly interested in any work provided for in this act, or in the assessment, feeling aggrieved by any act or determination of the superintendent of streets in relation thereto, or who claim that the work has not been performed according to the contract in a good and substantial manner, or having or making any objection to the correctness or legality of the assessment or other act, determination, or proceedings of the superintendent of

streets, shall, within thirty days after the date of the warrant, appeal to the city council, by briefly stating their objections in writing and filing the same with the clerk of said council. Notice of the time and place of hearing, briefly referring to the work contracted to be done, or other subject of appeal, and to the acts, determinations, or proceedings objected to or complained of, shall be published for five days."

The distinction between a remonstrance and an appeal is clear. The former is made to the acts or proceedings of the council, and is made before the assessment; the latter is made after the assessment, and relates to the acts of the superintendent of streets in accepting work not done as required by the contract, or other acts of his specified in the statute.

We think the objections filed by Fanning good as an appeal to the city council, both in form and substance. Though the word "remonstrate" was used, it was not so far inappropriate as to be misleading. Its first definition, as given by Webster, is: "To present and urge reasons in opposition to an act, measure, or any course of proceeding." Besides, the body of the paper distinctly pointed his objections to the acts of the superintendent of streets in accepting work not done according to the specifications of the contract. No one could be misled as to the intention with which the paper was filed. Whilst it is always desirable to use the proper technical or statutory designation of a paper or proceeding, the law will determine its sufficiency from its substance and evident purpose. That Fanning's appeal was sufficient in form and substance see *Barber v. San Francisco*, 42 Cal. 630, and *Belser v. Hoffschneider*, 104 Cal. 455.

2. Did the failure of the city council to entertain the appeal of Mr. Fanning, and to give notice of the hearing of it as required by the statute, operate to stay proceedings against others to collect assessments for the same improvements made under the same contract and included in the same assessment-roll? We think it did so operate.

The objection did not go to some error in the assessment of Mr. Fanning's separate property, and which affected no one else, but the objection went to the whole work. If these objections had been heard and sustained, it is clear that the contractors could not recover against any of the parties assessed. If only the party appealing and the contractor were affected, it

would be quite sufficient to give to each personal notice of the time of hearing; but the statute requires notice of the time and place of hearing, and the subject of appeal, to be published for five days; and the statute specially provides that: "All the decisions of said city council, upon notice and hearing as aforesaid, shall be final and conclusive upon all persons entitled to appeal under the provisions of this section, as to all errors, informalities, and irregularities which said city council might have remedied and avoided."

The court found that the defendant and other property owners affected by said work requested said Fanning to see that an appeal was made, and if the appeal had been entertained, and notice given, each could have been heard, and each would have been concluded by the result, whether they appeared and were heard or not; thus it is clear that the appeal, when filed, though by one only, suspends all proceedings to collect any of the assessments until that appeal has been heard, after the statutory notice has been given, and it is only such hearing upon notice that binds any of the parties assessed. They were not bound by the action of the council in deciding, without notice or a hearing, that the appeal was insufficient.

But it is urged that it was the duty of Fanning to request action by the council. It is not so written. He had done all that was required. The statutory direction to the city council was imperative, and the appellant, and all other parties assessed, might safely rest until due notice was given. In *People v. O'Neil*, 51 Cal. 91, the appeal to the board of supervisors was taken regularly and in proper time. The court said: "The board had no power to dismiss this appeal, and it must be regarded as still pending. It results that the assessment has not become a finality, and the action was prematurely instituted." In *Mahoney v. Braverman*, 54 Cal. 569, cited by appellant, the court pointed out the distinction between that case and *People v. O'Neil*, *supra*, and approved the latter case. The judgment appealed from should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Van Dyke, J., Garoutte, J., Harrison, J.