[Civ. No. 1272. Second Appellate District.—February 26, 1913.]

## SOUTHERN CONSTRUCTION COMPANY (a Corporation), Appellant, v. JESSIE S. HOWELLS et al., Respondents.

MUNICIPAL CORPORATION—STREET ASSESSMENT—APPEAL TO COUNCIL—ESTOPPEL TO DENY NOTICE.—In an action to recover a street assessment levied under the Vrooman Act, a property owner is not estopped from urging as a defense that the city council failed to publish notice of the hearing of an appeal taken to the council by the defendant and other property owners, although defendant appeared and urged his appeal before the council without objecting to the failure to publish the notice. The publication is imperative.

ID.—NOTICE OF HEARING OF APPEAL—NECESSITY AND MANNER OF GIVING. The city council, when it proceeds to give a hearing on an appeal against a street assessment under the Vrooman Act, cannot assume jurisdiction to make any order of determination therein until all property owners affected by the assessment, whether parties to the appeal or not, have been given notice of the hearing. There is but one way provided by the statute for the giving of this notice, and that is that it shall be published for five days.

APPEAL from an order of the Superior Court of San Diego County denying a motion for a new trial. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Sam Ferry Smith, for Appellant.

Crouch & Crouch, for Respondents.

JAMES, J.—The city council of San Diego, in the year 1907, initiated proceedings under the Vrooman Act to have performed the work of grading certain portions of Tide Street. The work was completed, but within the time allowed by statute certain property owners made appeal to the city council, objecting to the assessment levied as being excessive, and also upon the ground that the work had not been performed according to the specifications of the contract. The property owners so objecting did not constitute all of the property owners who were affected by the assessment. Thereafter the city clerk mailed a notice to the agent who represented the objecting

property owners, which notice set forth the day when hearing would be had upon the appeal so taken. The hearing came on before the city council, when the appealing property owners were heard through their agent and attorney, and the council made an order in the form of a resolution denying the appeal and affirming the assessment. Thereafter this action was commenced by the contractor to recover the amount assessed against defendants' property on account of the street improve, ment work performed by it. The defendant Howells was one of the property owners who joined in the appeal made to the city council, and she was represented at the hearing thereof by the same agent and attorney who represented the other contestants. The city council caused no notice by publication to be given of the hearing to be had on the appeal of the property owners, and the trial court sustained the contention of defendant that until publication of such notice had been had in accordance with the requirements of the statute, any purported hearing of the appeal was null and void and that in consequence this action was prematurely brought. By section 11 of the Street Law under which the improvement of Tide Street was had (Stats. 1885, p. 147, and as subsequently amended), it is provided that after an appeal has been filed with the clerk of the council, "notice of the time and place of the hearing . . . shall be published for five days." Section 12 of the same act contains a provision that at any time after five days have elapsed from the decision of the council made after hearing of the appeal of property owners, the contractor, or his assignee, may sue the owner of the land or lots assessed and recover the amount of the unpaid assessment. The trial judge failed to make findings of fact as to material issues presented by the pleadings, and made only a single finding determining that notice of the hearing of the appeal to the city council had not been published as required by law or at all. Of course, if the evidence sustains this finding, then the plaintiff, which appealed from the order denying a motion for a new trial, cannot be said to have been prejudiced by the omission of the court; for the reason that if it was an essential prerequisite that notice of the hearing referred to should have been published before the council was authorized to determine the merits of the objections, then the plaintiff was not in a position entitling it to bring this action at the time it filed

its complaint. As there was no dispute as to the fact found by the court as to the nonpublication of the notice, the single question of law is presented as to whether the defendant by appearing and urging her appeal without objecting to the failure of the council to publish notice of the hearing, waived the benefit of such notice and thus estopped herself from urging that defense in this action.

Under the Street Improvement Act here considered, a determination made in regular form by a city council upon a notice of appeal taken by any of the property owners affected by an assessment, becomes binding upon all property owners so affected, whether they join in the appeal or not; and it seems that the notice by publication is designed for the purpose of charging all such property owners and of giving them an opportunity, if they so desire, to appear and be heard at the time set. The filing of an appeal by a property owner has the effect of initiating a proceeding which must be carried through in the manner prescribed by the statute. No hearing can be had before a published notice is given which will bind any of the parties assessed. The law provides for but one trial or hearing upon such an appeal, and after this hearing is had property owners who do not join in the notice of appeal cannot appear and raise any further question, but they are all equally bound by the conclusion of the city council. The hearing cannot be so had as to be valid as to some of the assessed property owners and invalid as to others. It may be that where all of the owners liable for the assessment appear and waive notice of a hearing, a valid order might be made determining the merits of the appeal without notice having been published, but such was not the fact in this case. In the case of *Garvin* v. *Simon,* 127 Cal. 491, [59 Pac. 945], which we regard as being in point upon the facts presented here, it was said: "It is clear that the appeal, when filed, though by one only, suspends all proceedings to collect any of the assessments until that appeal has been heard, after the statutory notice has been given, and it is only such hearing upon notice that binds any of the parties assessed. . . . The statutory direction to the city council was imperative, and the appellant, and all other parties assessed, might safely rest until due notice was given." We are not unmindful of the fact that in the case cited the council refused to hear the protest or appeal on the ground

that it was not sufficient in form, but the language in the decision which we have quoted is directly to the point that the proceedings of the city council, taken after an appeal is made from an assessment, can only result in a valid order where notice of the hearing is given in the precise mode prescribed by the statute.    We cite also: *Creed* v. *McCombs*, 146 Cal. 449, [80 Pac. 679].)    Stated in another way, we conclude that the city council, when it proceeds to give a hearing on an appeal against a street assessment under this act, cannot assume jurisdiction to make any order of determination therein until all property owners affected by the assessment, whether parties to the appeal or not, have been given notice of the hearing; there is but one way provided by the statute for the giving of this notice, and that is that it shall be published for five days.

The order appealed from is affirmed.

Allen, P. J., and Shaw, J., concurred.