[Civ. No. 4356.   First Appellate District, Division Two.—December 29, 1922.]

# RANSOME–CRUMMEY COMPANY, Appellant, v. HELEN M. THURBER et al., Respondents.

[1] Street Law—Foreclosure of Lien—Regularity of Assessment—Sufficiency of Findings.—In an action for the foreclosure of a street assessment lien, findings that a purported assessment was made, that it was made on the property of a named individual, among others, that such individual appealed, that his appeal was sustained and the assessment ordered corrected, but that the correction had not been made, are neither uncertain, inconsistent, nor contradictory, and are sufficient to support a judgment for the defendants.

[2] Id.—Appeal from Assessment—Suspension of Proceedings.—An appeal by one owner from an assessment suspends proceedings until the assessment is sustained or another, in its place, is sustained.

[3] Id.—Correctness of Diagram—Jurisdiction of Council.—Under section 11 of the Vrooman Act, the common council has jurisdiction to hear and determine whether a diagram on which an assessment is made is correct.

[4] Id.—Sustaining of Appeal—Fairness and Regularity of Proceedings—Presumption.—In sustaining an appeal from an assessment, it must be presumed that all proceedings before the common council were had, done, and taken in a fair and regular manner.

[5] Id. — Ownership of Property — Determination by Council.—Although the question of title is ordinarily a judicial question for the courts, nevertheless when the question comes before a tribunal which is duly and regularly proceeding to exercise its jurisdiction, such tribunal is not *ipso facto* divested of its jurisdiction, but may proceed to determine the question before it.

[6] Id.—Notice of Appeal—Joinder of Property Owners—Disposal of Appeal of One Owner — Effect of. — Where two property owners join in an appeal from an assessment, the denial of the appeal of one of them does not carry with it the appeal of the other.

APPEAL from a judgment of the Superior Court of the County of Santa Clara.   J. R. Welch, Judge.   Affirmed.

The facts are stated in the opinion of the court.

R. M. F. Soto for Appellant.

Ralph C. McComish for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to foreclose a street assessment lien. The defendant had judgment and the plaintiff has appealed, bringing up the judgment-roll and a bill of exceptions.

In the year 1912 the proceeding was commenced for the improvement of the intersection of Fourteenth Street (now Seventeenth Street) and Santa Clara Street, in the city of San Jose. Thereafter such proceedings were had that a purported assessment was made and filed, and Agnes Beggs, on November 18, 1912, appealed to the common council of the city of San Jose. In her notice of appeal she set forth many grounds, and, among others, that the cost and charges for said improvement were illegally and improperly, and not proportionately divided among the lots of land liable for the assessment, and that said assessment includes lots of land not legally liable for said assessment. Thereafter, on the twenty-first day of November, 1912, F. A. Curtis also appealed to the common council, and in his notice of appeal contended that in the assessment his property was included in lot No. 14, together with other property which he did not own, but that a bill for the total charge had been presented to him. And in his notice of appeal he also joined in the appeal of Agnes Beggs. Thereafter the appeals coming on regularly for hearing, the appeal of F. A. Curtis was sustained and the superintendent of streets was directed to correct the assessment and in levying the same to treat San Fernando Street as a main or intersecting street, joining a block on the east side of Fourteenth Street. Thereafter the appeal of Agnes Beggs was denied.

[1] The plaintiff in its amended complaint pleads a cause of action to foreclose the assessment lien levied against the property owned by the defendant Helen M. Thurber. The complaint is full, complete, and regular in every respect so far as any objection to it has been called to our attention. In her answer thereto the defendant put in issue the allegations of plaintiff's complaint and then pleaded the order of the common council sustaining the appeal of F. A. Curtis, and directing the assessment to be corrected, and that the assessment had never been corrected, but remained as it was before said appeal. On the trial of the

case the plaintiff introduced evidence which constituted a *prima facie* case. Thereupon the defendant introduced proof of the proceedings and order made on the appeal of F. A. Curtis. In preparing its findings the trial court did not make specific findings on the paragraph of the amended complaint pleading the regularity of the assessment. The appellant now contends that the finding as made is uncertain, inconsistent, and contradictory, and does not support the judgment for the defendants. The ultimate material fact involved was whether or not there was in force and effect an assessment against the property of the defendant. The findings are certain, consistent, and not contradictory in any respect in holding that a purported assessment was made; that it was made on the property of F. A. Curtis, among others; that he appealed; that his appeal was sustained and the assessment was ordered corrected; but that the assessment had not been corrected. We think a mere reading of the finding shows the attack is without merit.

[2] The parties do not question the rule that an appeal by one owner suspends proceedings until that assessment appealed from is sustained, or another, in its place, is sustained. (*Williams* v. *Bergin,* 108 Cal. 166, 172, 173, [41 Pac. 287].) The importance in this case, therefore, of Curtis' appeal is apparent.

[3] The appellant assumes that the order of the common council sustaining the appeal of Curtis attempted to determine that a street exists where the evidence shows it never existed, and that the determination by the common council was a nullity. The first answer to that contention is that it assumes the record shows facts which are not contained in the record. In the second place, the most that can be said is that the order of the common council was to the effect that the diagram on which the assessment was made was an incorrect diagram. Whether it was correct or incorrect was a question of fact which the common council had jurisdiction to hear and determine. (Vrooman Act, sec. 11 [Stats. 1885, p. 156].) The record does not show that the assessment of the lot owned by Curtis was void nor that such invalidity appeared on its face, nor did these matters appear on the face of the record of the common council.

[4] We must presume that the common council did not perform an idle act, and that, in sustaining the appeal of

Curtis, all proceedings before the common council were had, done, and taken in a fair and regular manner.

As to whether Curtis owned all of lot 14, as that expression was used on the face of the assessment, was a question of fact coming regularly before the common council and which the statute commanded the common council to hear and determine. [5] ˙ Although the question of title is ordinarily a judicial question for the courts, nevertheless when the question comes before a tribunal which is duly and regularly proceeding to exercise its jurisdiction, such tribunal is not *ipso facto* divested of its jurisdiction, but may proceed to determine the question before it. That is all that was done in the instant case. If the superintendent of streets, in making up his assessment, had any doubt as to the ownership of any lot, the statute authorized him to write on the assessment "unknown," but it also commanded him to write thereon the *pro rata* part of the assessment. If both of these things had been done the question of title would not have arisen.

[6] The appellant contends that because the appeal of Agnes Beggs was denied, that such denial carried with it the appeal of F. A. Curtis and that the common council should have entered an order merely dismissing his appeal. We think this contention cannot be sustained for several reasons. F. A. Curtis had the right to adopt the notice of appeal of Agnes Beggs. The board ruled thereon, sustaining the appeal. The rights of the appellant became fixed by virtue of that ruling. Thereafter the board denied the appeal of Agnes Beggs, but such denial did not have the retroactive effect of undermining the appeal of F. A. Curtis which had already been disposed of.

Assuming, as appellant contends, that the first act, on the part of the board, was to deny the appeal of Agnes Beggs, then such denial, it may be conceded, terminated her rights growing out of her appeal, but it did not annihilate the paper known as her notice of appeal. The paper continued in existence for the purpose of the appeal of F. A. Curtis, and there was no irregularity on the part of the common council in proceeding to hear and determine his appeal.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1923.

All the Justices present concurred.