[Civ. No. 9003. First Appellate District, Division Two.—June 28, 1933.]

DAN A. PEARSON et al., Appellants, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

S. C. Schaefer for Appellants.

Erwin P. Werner, City Attorney, Frederick von Schrader, Assistant City Attorney, and Arthur Loveland and Sam H. Irwin, Deputies City Attorney, for Respondents.

NOURSE, P. J.—Plaintiffs sued for an injunction and to cancel an assessment for improvements of a public street. From a judgment denying them relief they have appealed upon typewritten transcripts.

Proceeding under the Street Improvement Act of 1913 (Deering's Gen. Laws, Act No. 8205), the City of Los Angeles took the necessary steps for the formation of an assessment district to provide sufficient funds for the improvement of Cabrillo Avenue and to that end assessed the benefits to each piece of property within the district and determined the damages and the incidental expenses to be paid on account of the proposed improvement. Certain property owners having refused to accept the damages awarded to them by the city council, eminent domain proceedings were commenced in the name of the city and judgments were entered against the city fixing the damages to these property owners at approximately $30,000 more than the sums fixed by the council. Prior to the entry of these judgments the assessments theretofore levied had been collected and the proceeds thereof had been paid into a special fund known as the street improvement assessment fund. After the entry of the judgments the city council directed the transfer from the general fund of the city to the special street assessment fund of sufficient moneys to pay the damages awarded in the court proceedings and directed that a supplemental assessment be levied upon the property in the improvement district, the proceeds thereof to be used in replacing in the general fund the moneys transferred there-

from for the benefit of the district. Due notice of the supplemental assessment was given and some of the plaintiffs protested on the sole ground that they believed the excess damages should be paid from the city's general fund. These protests were overruled and the supplemental assessment was thereafter levied and partially collected.

On this appeal the appellants state their principal point to be that, after the city had paid the damages out of its general fund, it had no legal authority to make a supplemental assessment. Four "secondary" points are listed which may all be considered under the single question, did the city have jurisdiction to levy the supplemental assessment?

██ To understand the first question, a brief reference to the statute will suffice. Section 18 of the 1913 Act provides: "To expedite the making of any such improvement the legislative body may at any time transfer into said special fund out of any money in the general fund such sums as it may deem necessary, and the sums so transferred shall be deemed a loan to such special fund . . . " The "special fund" mentioned is the fund created for the particular street improvement. Section 22 provides that if the funds raised under these proceedings are insufficient the council "may pay the deficit, out of the general fund, or may order a supplemental assessment to raise such deficit. . . . " It is the position of appellants that if the council pays the deficit out of the general fund it cannot thereafter order a supplemental assessment under this section. With this there seems to be no quarrel, but the respondents insist that the record here discloses no payment from the general fund but merely a loan made under the express provisions of section 18 of the act. The trial court so found and there is ample evidence to support the finding. In fact all the evidence, oral and documentary, shows that nothing but a loan from the general fund was intended at any stage of the proceedings. Every resolution, recommendation and report of the council and subordinate officials discloses a well-defined purpose to loan the money from the general fund to be returned from the proceeds of a supplemental assessment. In any event, what was done was a question of fact to be determined by the trial court and the appellants have not advanced

any reason why the finding on this issue of fact should be disturbed.

Appellants' criticism of the proceedings leading to the supplemental assessment are not sound. ■ The council obtained jurisdiction when the proceedings were instituted and this included jurisdiction to levy a supplemental assessment. No additional notice of the proposed improvement or of the formation of the special assessment district was necessary after those acts had both been accomplished pursuant to the statutory notice. When it was determined that a supplemental assessment would be necessary, notice thereof was given in full conformity with the act. In response thereto some of the appellants appeared and filed protests upon the sole ground that they believed the money should be paid by the city out of its general fund. ■ To this branch of the appeal there are two answers: first, as to those appellants who filed no protest, they are deemed to have waived all objections to the supplemental assessment and cannot attack it in this proceeding (*Farley* v. *Reindollar,* 174 Cal. 703, 707 [165 Pac. 19]) ; ■ second, as to those who filed protests, they are limited here to the grounds assigned in their protests—that the deficit should be paid out of the general fund. (*Blake* v. *City of Eureka,* 201 Cal. 643, 648 [258 Pac. 945].) ■ The question raised by these protests was one of policy only, which the council must decide. Such decision is final. (*Duncan* v. *Ramish,* 142 Cal. 686, 696 [76 Pac. 661] ; *Blake* v. *Eureka, supra.*)

The judgment is affirmed.

Sturtevant, J., and Ogden, J., *pro tem.,* concurred.