[No. G002151. Fourth Dist., Div. Three. Nov. 26, 1985.]

THE CITY, Plaintiff and Respondent, v.
HARRY HART, Defendant and Appellant.

**COUNSEL**

Swanson & Casello, Frederick E. Turner and Ronald S. Cooper for Defendant and Appellant.

Thomas Dobyns for Plaintiff and Respondent.

**OPINION**

**WALLIN, J.**—Defendant Harry Hart dba Jeweltree appeals a summary judgment in favor of plaintiff The City in an action for unlawful detainer.

Hart contends the presumption of Civil Code section 1945[1] applies to defeat a motion for summary judgment where the landlord accepts rent from a tenant prior to the expiration of the lease for a period extending beyond the expiration of the lease. We hold the facts before us do not raise the presumption of section 1945 and affirm the judgment.

Hart operated a jewelry kiosk in The City Shopping Center under a lease which expired on September 14, 1984. The lease required fixed minimum monthly rent payments of $1,400 plus estimated monthly payments towards utilities and common area maintenance and repairs. The lease further provided for monthly payments of percentage rent based on Hart's gross income. Both the payment for utilities and common areas and the payment for percentage rent were adjusted annually to conform to actual figures for the preceeding lease year.

In June of 1983, Hart and The City resolved a dispute between them over terms of the lease unrelated to the case before us. The resolution included a rejection of Hart's request for an extension of the lease term and a reconfirmation of the termination date of September 14, 1984.[2]

On September 1, 1984, Hart tendered to The City his usual monthly payment, which was accepted and negotiated. On September 14, a representative of The City notified Hart his lease was terminated. Hart refused to leave, and The City filed an action in unlawful detainer and successfully moved for summary judgment.

■ Hart contends The City's acceptance of his normal monthly payment on September 1 was its acceptance of rent for a period extending beyond the termination of the lease, i.e., to September 30. Hart then contends that under Civil Code 1945 the parties are presumed to have created a month to month tenancy on the same terms as the lease and that The City must give him 30 days notice to terminate it. We disagree.

■ Civil Code section 1945, which was enacted in 1872, states the widely held rule that a landlord who consents to his tenant's holding over after the expiration of the lease without making a new agreement is bound

---

[1]Civil Code section 1945 reads as follows: "If a lessee of real property remains in possession thereof after the expiration of the hiring, and the lessor accepts rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one month when the rent is payable monthly, nor in any case one year."

[2]The amendment of lease and settlement agreement, dated June 2, 1983 and signed by the parties, provides: "Both Landlord and Assignee reconfirm that the expiration date of the Lease is September 14, 1984, and that Assignee will vacate the demised premises by that date, leaving the same in good order, condition and repair."

by the terms of the original lease. (*Shenson* v. *Shenson* (1954) 124 Cal.App.2d 747, 753 [269 P.2d 170].) The statute provides the landlord's consent to the holding over is implied if he accepts rent from the tenant after the expiration of the lease. This consent to the holding over must be established before the statutory presumption of the same terms becomes effective. (See *Stephens* v. *Perry* (1982) 134 Cal.App.3d 748, 757 [184 Cal.Rptr. 701]; *Superior Strut & Hanger Co.* v. *Port of Oakland* (1977) 72 Cal.App.3d 987, 997 [140 Cal.Rptr. 515]; *Miller* v. *Stults* (1956) 143 Cal.App.2d 592, 598 [300 P.2d 312]; *Knox* v. *Wolfe* (1946) 73 Cal.App.2d 494, 502 [167 P.2d 3].)

■ The circumstances of the case before us do not fall within the language of section 1945. The City accepted rent from Hart before the expiration of the lease term. Contrary to Hart's argument, this cannot be construed as implied consent to a holding over that had not yet occurred. Neither does The City's retention of the full monthly payment after the expiration of the term signify its consent to Hart's continued possession, as retrospective annual adjustments remained to be made and the exact amounts were unknown. Furthermore, The City had previously stated its intention not to extend Hart's lease and acted promptly upon termination to remove Hart from possession. Under these facts, the presumption of section 1945 that the parties "renewed the hiring on the same terms and for the same time . . ." is not raised to defeat The City's motion for summary judgment.

■ We decline to grant The City's request for sanctions based on a frivolous appeal. Although we disagree with Hart, he made a legal argument that was not " 'totally and completely devoid of merit . . . .' " (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651 [183 Cal.Rptr. 508, 646 P.2d 179].)

The judgment is affirmed. The City is awarded its costs on appeal.

Sonenshine, Acting P. J., and Crosby, J., concurred.

A petition for a rehearing was denied December 23, 1985.