[No. B151433. Second Dist., Div. Two. Dec. 19, 2001.]

WOODMAN PARTNERS, Plaintiff and Respondent, v.
SOFA U LOVE et al., Defendants and Appellants.

## COUNSEL

Wayne M. Abb for Defendants and Appellants.

Laurence H. Lishner for Plaintiff and Respondent.

## OPINION

**DOI TODD, J.—**

### SUMMARY

Subsequent to the expiration of a three-day notice to pay rent or quit, appellants, commercial tenants Sofa U Love and Ercicona Corporation, submitted a partial rent payment to respondent Woodman Partners, their landlord. Respondent accepted the payment and sent a letter within two days of receipt, informing appellants that it intended to proceed with the unlawful detainer action which it had already filed. The trial court rejected appellants' contention that by accepting the partial payment, respondent had waived the unlawful detainer action because it had failed to provide notice, as required under Code of Civil Procedure section 1161.1, subdivision (c),[1] that acceptance of the rent payment would not constitute a waiver of any of respondent's rights, including its right to recover possession of the property. After a court trial, judgment was entered in favor of landlord.

We conclude that section 1161.1 required notice to appellants, prior to acceptance of the partial rent payment, that acceptance would not constitute a waiver of rights, and that this requirement was not satisfied by the subsequently mailed letter. But because the notice requirement was satisfied by a provision in the parties' lease, we affirm.

### SUMMARY OF FACTS AND PROCEDURE

In 1992, respondent, as landlord, entered into a commercial written lease agreement with appellants. The lease was for an initial term of five years and

---

[1] All further references will be to the Code of Civil Procedure, unless otherwise indicated.

was extended, for an additional five years in 1997. Paragraph 24 of the lease provided that "[t]he acceptance of rent hereunder by Lessor shall not be a waiver of any preceding breach by Lessee of any provision hereof, other than the failure of Lessee to pay the particular rent so accepted . . . ."

In July 1999, the parties agreed that appellants would vacate the property so that respondent could do remodeling work, and appellants would receive a rent abatement commensurate with the time they were unable to use the premises. The parties subsequently disagreed on the amount of the abatement.

On November 19, 1999, respondent served a three-day notice to pay rent or quit on appellants, demanding $15,173.42, which respondent stated was its good faith estimate of the rent due. Nothing in the notice addressed a partial payment or waiver. Appellants failed to make the payment required by the notice, and on November 24, 1999, respondent filed an unlawful detainer action.

Appellants paid respondent $6,480 on or about December 1, 1999. On December 3, 1999, respondent's counsel sent appellants a letter advising them that respondent was accepting the December 1, 1999 payment, but was proceeding with the unlawful detainer action notwithstanding acceptance.

After a court trial, judgment was entered for respondent for damages in the amount of $8,841, possession of the premises, forfeiture of the lease, and attorneys' fees. Appellants filed a timely notice of appeal.[2]

The appellate division of the superior court affirmed the judgment and certified its opinion for publication. We transferred the case to this court on our own motion pursuant to California Rules of Court, rule 62(a).

## CONTROLLING STATUTE

Section 1161.1, subdivision (c), provides with respect to commercial real property: "If the landlord accepts a partial payment of rent after filing the complaint pursuant to Section 1166, the landlord's acceptance of the partial payment is evidence only of that payment, without waiver of any rights or defenses of any of the parties. The landlord shall be entitled to amend the complaint to reflect the partial payment without creating a necessity for the filing of an additional answer or other responsive pleading by the tenant, and without prior leave of court, and such an amendment shall not delay the

---

[2]Appellants made an ex parte application to the trial court for a stay pending appeal. The stay was granted on the condition that appellants pay rent pending appeal.

matter from proceeding. *However, this subdivision shall apply only if the landlord provides actual notice to the tenant that acceptance of the partial rent payment does not constitute a waiver of any rights, including any right the landlord may have to recover possession of the property.*" (Italics added.)

## APPELLANTS' CONTENTIONS

Appellants contend that: (1) respondent may not maintain an unlawful detainer action because it did not give the advance or contemporaneous notice required by section 1161.1, subdivision (c) that its acceptance of the $6,480 partial rent payment did not constitute a waiver of any rights, including the right to possession; (2) the parties' lease did not affect the section 1161.1, subdivision (c) notice requirement; and (3) respondent's December 3, 1999 letter did not constitute the required notice.

## DISCUSSION

### A. *Construction of section 1161.1 subdivision (c)*

■ The interpretation of a statute is a legal issue that we review de novo. (*Redevelopment Agency v. County of Los Angeles* (1999) 75 Cal. App.4th 68, 74 [89 Cal.Rptr.2d 10].) Section 1161.1, subdivision (c), at issue here, applies where a commercial tenant makes a partial payment of rent after an unlawful detainer complaint has been filed. Section 1161.1, subdivision (c) provides that if the landlord accepts a partial payment, acceptance is evidence only of that payment, without the waiver of any rights or defenses any party may have. Moreover, the landlord may amend the complaint to reflect the partial payment, without the need for new responsive pleadings by the tenant, leave of court, or a delay in the proceedings. These provisions apply only if the landlord provides actual notice to the tenant that acceptance of the partial rent payment does not constitute a waiver of any rights, including the landlord's right to recover possession of the property. In order to decide this matter, we must interpret that part of section 1161.1, subdivision (c) that requires "actual notice" to the commercial tenant that acceptance of the partial rent payment does not constitute a waiver of any rights by the landlord.

■ Civil Code section 18 defines "actual notice" as notice "which consists in express information of a fact." "The term 'notice' of itself imports that the information given thereby . . . is [to be] directed to some one who is to act or refrain from acting in consequence of the information contained in the notice." (*Williams v. Bergin* (1895) 108 Cal. 166, 171 [41 P. 287].) "A person has 'notice' of a fact when: (a) he has actual knowledge of

it; or (b) he has received a notice or notification of it; or (c) from all the facts and circumstances known to him at the time in question he has reason to know that it exists." (Black's Law Dict. (5th ed. 1979) p. 957, col. 2.)

A party can only act in consequence of information if the information is received prior to the action to which it relates. Therefore, a commercial tenant receives actual notice in satisfaction of section 1161, subdivision (c) only if the tenant is notified prior to the landlord's acceptance of a partial rent payment. While section 1161.1, subdivision (c) does not prescribe any particular manner in which notice of a commercial landlord's nonwaiver of rights must be communicated to the tenant, the communication must precede the landlord's acceptance.[3]

B. *Substantial evidence supports the finding of actual notice*

We next consider whether appellants had prior notice that respondent's acceptance of the partial rent payment would not constitute a waiver of its rights, including the right to recover possession of the property.

On appeal, we are required to construe the facts in the light most favorable to the judgment. (*Grappo v. Coventry Financial Corp.* (1991) 235 Cal.App.3d 496, 506-507 [286 Cal.Rptr. 714].) "All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].)

Here, the lease provided that "[t]he acceptance of rent hereunder by Lessor shall not be a waiver of any preceding breach by Lessee of any provision hereof, other than the failure of Lessee to pay the particular rent so accepted . . . ." Appellants contend that this language is insufficient to constitute the actual notice required by section 1161.1, subdivision (c), because it speaks in terms of nonwaiver of *breaches*, rather than *rights and defenses* as provided by section 1161.1. We disagree. Paragraph 24 of the lease provides appellants with actual notice that respondent's acceptance of rent would not constitute a waiver of any breach except a breach with respect to the amount owed and accepted. It was not necessary for the lease to set forth an enumeration of the rights and remedies which would not be waived, given the specification of the sole circumstance under which acceptance of a rent payment *would* constitute a waiver by respondent.

We agree with appellants that respondent's mail notification subsequent to its acceptance of the partial rent payment did not satisfy the requirement of

---

[3]For example, notice could have been included in the three-day notice.

actual notice within the meaning of section 1161.1, subdivision (c). But in view of paragraph 24 of the lease, this postacceptance notification was superfluous.

## DISPOSITION

The judgment is affirmed. Respondent to recover its costs.

Boren, P. J., and Nott, J., concurred.

Appellants' petition for review by the Supreme Court was denied February 27, 2002.