Filed 1/29/26; Certified for Publication 2/23/26 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ASHIRWAD, LLC,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MICHAEL S. BRADBURY et al.,<br><br>    Defendants and Respondents. | D086343<br><br><br><br>(Super. Ct. No. CIVSB2205950) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Winston S. Keh, Judge.  Affirmed.

The Duringer Law Group, Stephen C. Duringer and Edward L. Laird II, for Plaintiff and Appellant.

Chandler Law Firm and Robert C. Chandler, for Defendants and Respondents.

Michael Bradbury and Jeannette Bradbury (the Bradburys)[1] leased a commercial property for a salon from Ashirwad, LLC (Ashirwad).  As between the two, Jeannette assumed primary responsibility for operating the salon.  Shortly before the lease was set to expire in March 2020, Jeannette decided to retire.  At about the same time, the State of California issued a stay-at-home order due to COVID-19.

Jeannette tried to help Ashirwad find a replacement tenant to continue the salon business.  Although the Bradburys' salon equipment remained on the property, Ashirwad repeatedly assured them not to worry about it.  One day before the lease formally expired, the Bradburys paid Ashirwad $4,179, the equivalent of one month's rent.  Approximately three months later, they paid Ashirwad an additional $2,100, but they made no other payments.  The parties never discussed whether the tenancy would continue on a month-to-month basis.

When the Bradburys returned the keys to the property months later, Ashirwad demanded unpaid rent, asserting that under Civil Code[2] section 1945 their $4,179 payment in March 2020 created a month-to-month tenancy. After a bench trial, the court concluded the Bradburys had rebutted section 1945's presumption that the parties agreed to continue the terms of their expired lease.  As a result, the court found there was no contract between the parties after their lease expired.  Judgment was entered in favor of the Bradburys.

---

[1]     We will generally refer to the Bradburys collectively in this opinion. When speaking about them individually, we will use their first names, intending no disrespect.

[2]     Further undesignated statutory references are to the Civil Code.

Ashirwad appeals the judgment, contending the court incorrectly interpreted and applied section 1945. It argues the court relied improperly on evidence of subjective intent, erred by finding that the section 1945 presumption was rebutted without evidence of a new agreement, and erroneously placed the burden on it. It asserts the court's factual findings are undisputed and the question before this court is a matter of law.

We disagree with Ashirwad's assertion that the issue before us is purely legal. It has provided us no record of the oral proceedings, and we are consequently unable to consider whether substantial evidence supports the trial court's determinations. We conclude the trial court did not err as a matter of law in its application of section 1945, and we accordingly affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The Bradburys and Karinjit Sukhija, the sole owner and member of Ashirwad, had a good personal and business relationship. Jeannette retired in February 2020, a month before the lease agreement expired. But based on their good relationship, she tried to help secure another tenant to "slide in" and continue the salon business.

On March 19, 2020, prior to the expiration of the lease, people living in the State of California were ordered to stay at their place of residence, except as needed to continue the operation of essential services due to the COVID-19 pandemic. The salon was not an essential service and had to be closed immediately. Ashirwad repeatedly assured the Bradburys not to worry about the salon equipment left behind at the premises due to the order to stay home.

On March 30, 2020, the Bradburys paid Ashirwad $4,179, the equivalent of one month's rent.[3] With this payment, Jeannette included a handwritten note that read, "Thank you again for understanding. We are trying to resurrect the salon." She signed the note with a hand drawn heart, testifying that she made the payment as a gesture of friendship, intending it as a gift. After the lease expired on March 31, 2020, neither party raised the question of whether the tenancy would continue on a month-to-month basis.

The Bradburys also paid Ashirwad $2,100 in June 2020. They made no other payments; neither did Ashirwad tell them that any rent was due. When Michael sought to return the keys to the property in October 2020, Ashirwad notified him that it intended to collect "unpaid rent" for May through October 2020.

Ashirwad asserted that the Bradburys owed unpaid rent because their March 30 "rent" payment established a month-to-month tenancy under section 1945. Following a bench trial, the court expressed that it found "all the witnesses credible," but "[Jeannette] was more credible and persuasive." It highlighted Jeannette's February retirement, her attempt to help find a new tenant, and the repeated reassurances to not worry about the salon equipment left behind. It took note of the fact that Jeannette "knew [Sukhija] was financially affected by the shut down and she paid [him] . . . as a gesture of friendship to [him] and intended the payment as a gift."

---

[3] The Bradburys' payment is dated March 30, 2020, one day before the lease expired. Under the language of section 1945, a payment made and accepted before the expiration of a lease does not trigger the presumption that the parties renewed the lease on the same terms. (See *City v. Hart* (1985) 175 Cal.App.3d 92, 95.) It is not clear from the record on appeal if this payment was delivered and accepted before the lease expiration or after, but we need not question whether section 1945 was triggered because we nevertheless affirm the court's ruling that no contract existed.

4

The trial court determined that no month-to-month tenancy existed between the parties and entered judgment for the Bradburys. It reasoned that "a reasonable person would not find the existence of a contract between the parties; i.e., a month-to-month tenancy after the expiration of the lease," and therefore, there was "no contract between the parties after March 31, 2020." As the court explained, "the parties were rightfully concern[ed] for each other's health and well-being during a national health emergency. However, it was incumbent upon [Ashirwad] to communicate clearly [its] intention to bind [the Bradburys] to a month-to-month tenancy if the salon equipment remained on the premises." It detailed "the absence of any communication from [Ashirwad] during the intervening months" and commented that it was "curious" and "detrimental" to its position.

Ashirwad moved to vacate the judgment, contending the court erred in its application of section 1945. The court denied the motion, expanding on its prior ruling to explain that section 1945 was rebutted "given the testimony in this case and the credibility of the witnesses." The judge reasoned:

> "All parties knew the lease had expired. [Ashirwad] apparently reassured [the Bradburys] they could leave the equipment in place due to the COVID shut down. There had been a good personal and business relationship between the parties and the payments could easily be interpreted as a gift. [Ashirwad] never made any demands for the rent."

## DISCUSSION

Ashirwad asserts the trial court erred as a matter of law when it found that the Bradburys' "subjective" intent overcame section 1945's presumption, stating this is the sole issue on appeal. But in its argument, it also raises two additional alleged errors, contending that the court improperly (1) determined that the presumption was rebutted without finding a new or

5

different agreement, and (2) placed the burden on Ashirwad to prove the existence of a contract.  We conclude Ashirwad has failed to establish any of the claimed errors.

## A.  *Scope of Review and the Burden on Appeal*

As the party challenging the judgment on appeal, it is Ashirwad's burden to provide an adequate record to assess for prejudicial error.  (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324 (*Nielsen*).)  "If [it] fails to do so, the argument is forfeited."  (*Ibid.*)  For our review, Ashirwad provided only an appendix, electing not to provide a record of the oral proceeding, therefore, we " ' "must conclusively presume that the evidence is ample to sustain the [trial court's] findings." ' "  (*Ibid.*)

Ashirwad does not contest this and instead, expressly disclaims any question as to the sufficiency of the evidence, stating it "does not appeal the sufficiency of the evidence and fully accepts the court's findings."  Ashirwad asserts the facts are undisputed and the issue before this court is instead purely a matter of law.  We review matters of law de novo.  (See *Baca v. Kuang* (2025) 107 Cal.App.5th 1292, 1295.)  Ashirwad's failure to provide a record of the oral proceedings does not preclude such a review if the error appears on the face of the record.  (*Nielsen*, *supra*, 178 Cal.App.4th at pp. 324–325.)  "If [an] invalidity does not appear on the face of the record, it will be presumed that what ought to have been done was not only done but rightly done."  (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 575 (*Elena S.*).)  Given these realities, the errors that Ashirwad alleges must be shown on the face of the record and must not dispute the factual findings of the trial court.  (Cal. Rules of Court, rule 8.163; see *Nielsen*, *supra*, 178 Cal.App.4th at pp. 324–325.)  We find no error on the face of the record and agree with the

Bradburys that despite Ashirwad's assertion otherwise, Ashirwad's challenge is to the factual findings of the trial court.

## B.  *The Bradburys' Subjective Intent*

The trial court had to determine whether a contract existed between the parties.  Generally, "if there is no evidence establishing a manifestation of assent to the 'same thing' by both parties, then there is no mutual consent to contract and no contract formation." (*Weddington Productions*, *Inc. v. Flick* (1998) 60 Cal.App.4th 793, 811, citing §§ 1550, 1565, 1580.)  " ' "The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe.  [Citation.]  Accordingly, the primary focus in determining the existence of mutual consent is upon the acts of the parties involved." ' " (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 789 (*Monster*).)  "[T]he reasonable meaning of [the parties'] words and acts, and not their unexpressed intentions or understandings" determine mutual consent.  (*Esparza v. Sand & Sea, Inc.* (2016) 2 Cal. App. 5th 781, 788.)

Section 1945 provides a presumption of mutual consent when:  (1) a tenant remains in possession of a leased property, (2) the tenant pays rent after the expiration of the lease, and (3) the landlord accepts that payment.[4] (§ 1945.)  Section 1945 presumes that through the outward expressions of paying and accepting "rent," the parties have agreed to continue their lease on the same terms.  (*Ibid*.)  A defendant can overcome this presumption by demonstrating that despite the implication of agreement to continue on the

---

[4]    Section 1945 states "[i]f a lessee of real property remains in possession thereof after the expiration of the hiring, and the lessor accepts rent from [the lessee], the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one month when the rent is payable monthly, nor in any case one year."

same terms, the parties' objective acts demonstrate they did not mutually agree to continue the lease. (See *Aviel v. Ng* (2008) 161 Cal.App.4th 809, 820 (*Aviel*) [explaining section 1945's presumption is rebuttable].)

Ashirwad argues the court erred as a matter of law because it purportedly based its finding that section 1945 was rebutted on the Bradburys' subjective intent. It maintains that while the court's findings "state only that [the Bradburys] 'intended' the post expiration payments as gifts," "intended" necessarily refers to subjective intent.

The record does not show that the trial court based its finding on the Bradburys' subjective intent as opposed to the parties' objective acts and words. The court stated the testimony and credibility of the witnesses rebutted the presumption and that it found Jeannette to be more credible. But Jeannette's testimony was not limited to her intent; she also testified regarding her retirement, relationship with Ashirwad's owner, her effort to help him find a new tenant to continue the salon business, and his repeated assurances to not worry about the salon equipment left behind at the premises. We cannot assume the court based its finding on one piece of her testimony—her intent—and ignored her other testimony when that is not clear on the face of the record. (See *Nielsen, supra*, 178 Cal.App.4th at pp. 324–325; *Elena S., supra*, 247 Cal.App.4th at p. 575.)

Furthermore, the court's reasoning does not reflect that the court was relying on her subjective intent because it focused on an objective view of the facts, applying the correct test to determine if mutual consent existed— whether a "reasonable person" would believe there was "a contract between the parties." (See *Monster, supra*, 7 Cal.5th at p. 789.) In doing so, the court explained:

8

"All parties knew the lease had expired. [Ashirwad] apparently reassured [Jeannette that she] could leave the equipment in place due to the COVID shut down. There had been a good personal and business relationship between the parties and the payments could easily be interpreted as a gift. [Ashirwad] never made any demands for the rent."

This reasoning focused on how the payments could be interpreted objectively—explaining "the payments could easily be interpreted as a gift"— not that they were a gift because that was Bradbury's "subjective" intent. So, while Ashirwad argues the trial court relied on the Bradburys' subjective intent, the face of the record refutes this assertion.

We also agree with the Bradburys that although Ashirwad disclaimed any intent to question the sufficiency of the evidence, Ashirwad's argument challenges the court's factual findings.

The court found "it was incumbent upon [Ashirwad] to communicate clearly his intention to bind [the Bradburys] to a month-to-month tenancy if the salon equipment remained on the premises" because it found Jeannette to be more credible and she testified that Ashirwad "repeatedly assured her not to worry about the salon equipment left behind at the premises due to the COVID shut down." In the court's view, "the absence of any communication from [Ashirwad] during the intervening months" was "curious" and "detrimental" to his position.

Ashirwad challenges these findings by arguing that they could not rebut section 1945's presumption. According to Ashirwad, there are other interpretations of this evidence that lead to the conclusion the parties agreed to a month-to month lease. And it asserts that the court's findings regarding these facts were only made "to support the trial court's central finding, based on [Jeannette's] testimony, that the additional rent was intended as a gift." It also maintains these facts arise from "[l]ater events" that occurred after

9

the Bradburys paid Ashirwad, and therefore, they "can't affect the initial triggering of section 1945."

To the extent the court considered the parties' words and acts (or lack thereof) that occurred after the Bradburys' payment, those facts could be considered because the subsequent conduct of the parties is an objective manifestation of the parties' intent, which can be used to determine the parties' mutual intention. (*People v. Shelton* (2006) 37 Cal.4th 759, 767.)

Furthermore, as we have explained, we have rejected the suggestion that the court necessarily based its determination on the Bradburys' subjective intent, and reweighing or discounting certain facts to arrive at that conclusion entails questioning the court's factual findings. (See *In re Alexis E.* (2009) 171 Cal.App.4th 438, 451 ["Weighing evidence, assessing credibility, and resolving conflicts in evidence and in the inferences to be drawn from evidence are the domain of the trial court, not the reviewing court"].) Because Ashirwad provided no record of the oral proceedings in this case, we must assume the facts would support the court's finding. (*Nielsen*, *supra*, 178 Cal.App.4th at p. 324.) Thus, we find no error.

## C.    *Rebutting Section 1945*

Ashirwad asserts that the trial court had to find there was a new or different agreement between the parties in order to rebut the presumption that the parties agreed to continue the lease on the same terms after its expiration. It claims that because the trial court found *no* contract after the parties' lease expired, the Bradburys did not rebut the presumption. Ashirwad's argument is misguided.

Proof of a new or different agreement is *one* way that a defendant can rebut section 1945's presumption despite the payment and acceptance of "rent." (See *Aviel*, *supra*, 161 Cal.App.4th at p. 820 [explaining section 1945

10

can be rebutted with "[f]or example, . . . substantial evidence that the parties began operating under a new agreement"].)  But a new or different agreement is not the *only* way to rebut the presumption; all that is needed to overcome it is an objective showing that the parties did not agree to continue the lease.  (See *id.* at p. 821.)

In *Aviel*, the reviewing court determined that section 1945's presumption was rebutted because the evidence demonstrated the parties did not agree to continue a lease on the same terms when there was neither a new nor different agreement.  (*Aviel, supra*, 161 Cal.App.4th at p. 821.) There, the plaintiff paid, and the defendant accepted, rent for five months after a prior lease was extinguished.  (*Ibid*.)  The defendant insisted that certain other costs were owed as well.  (*Ibid*.)  These other costs were not the tenants' responsibility in the prior lease, and the plaintiff did not pay them. (*Ibid*.)  The disagreement over these costs demonstrated the defendant's lack of consent to continue with the terms of the prior lease, rebutting the presumption of an agreement to continue the lease on those same terms despite the payment and acceptance of rent.  (*Ibid*.)  And the evidence did not demonstrate a new or different agreement because the parties did not agree on the additional costs, which remained unpaid.  (*Ibid*.)

It follows that the court here did not have to find a new or different agreement in order to conclude that the statutory presumption was rebutted. It only needed to determine that the objective evidence demonstrated the parties did not agree to continue the expired lease on the same terms.  (See *Aviel, supra*, 161 Cal.App.4th at p. 821.)  Here, because the court made this determination and we must assume the facts would support its finding (*Nielsen, supra*, 178 Cal.App.4th at p. 324), Ashirwad fails to demonstrate error.

11

**D.** *Section 1945's Burden Shift*

Ashirwad further asserts the trial court overlooked the "the *direction* in which the presumption of [section] 1945 applies" and erroneously placed the burden on Ashirwad to prove the existence of a continuing contract. But there is nothing on the face of the record that demonstrates the court placed a burden on Ashirwad to prove the existence of a contract. The court understood when section 1945 would apply, explaining "[a]t first blush, it appear[ed] the presumption . . . would apply" because the "payment corresponded to the rent due," and Bradbury had not vacated the property. Thus, but for finding that the presumption was rebutted, it would have applied and the court would have found the parties formed an agreement.

The court's observation that Ashirwad did not communicate with the Bradburys regarding alleged unpaid rent did not shift the burden to Ashirwad but rather highlighted an uncontroverted fact. Such a fact is appropriately considered in determining whether a reasonable person would believe there was a contract between the parties. (See *Monster*, *supra*, 7 Cal.5th at p. 789.) Accordingly, we find no error and conclude that the trial court properly determined section 1945's presumption was rebutted and there was no contract after the parties' lease expired.

## DISPOSITION

The judgment is affirmed. The Bradburys are entitled to costs on appeal.

DATO, J.

WE CONCUR:

IRION, Acting P. J.

CASTILLO, J.

12

Filed 2/23/26

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ASHIRWAD, LLC, | D086343 |
| Plaintiff and Appellant, | (Super. Ct. No. CIVSB2205950) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| MICHAEL S. BRADBURY et al., | |
| Defendants and Respondents. | |

THE COURT:

The opinion in this case filed January 29, 2026 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

IRION, Acting P. J.

Copies to: All parties